PROB 12B
(NYEP-11/25/02)

USPO DALY
BROOKLYN, N.Y.

# United States District Court
## for the
## Eastern District of New York

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Anthony Barben**

Case Number **02-CR-826**

Name of Sentencing Judicial Officer: **The Honorable I. Leo Glasser, Senior U.S. District Judge**

Date of Original Sentence: **January 8, 2004**

Original Offense: **Receipt of Child Pornography, in violation of 18 U.S.C. 2252(a)(2)(B)**

Original Sentence: **5 years probation and a $100 Special Assessment Fee. Special conditions imposed are as follows: (1) 150 hours community service; (2) no computer use to access child pornography; and (3) subject to random searches by F.B.I. On February 11, 2004, Barben's conditions of probation were modified to include sex offender treatment and computer monitoring/restriction. On November 30, 2004, the conditions were modified to include a search condition. On May 18, 2006, Your Honor modified the conditions to include 120 days home confinement and no contact with minors without the prior approval of the Probation Department.**

Type of Supervision: **Probation**

Date Supervision Commenced: **January 8, 2004**

## PETITIONING THE COURT

☐ To extend the term of supervision for years, for a total term of years.

☒ To modify the conditions of supervision as follows:

*For a period of __30__ days, the defendant shall remain in his or her home of record. The defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the Probation Department. The home confinement period shall commence on a date approved by the Probation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for Home Confinement by the Probation Department and the Administrative Office of U.S. Courts. In addition, the defendant shall pay the costs of home confinement, including the price of electronic monitoring equipment, to the degree he or she is reasonably able. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay.*

Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

Prob 12B / Page 2

## CAUSE

As Your Honor is aware, Barben was sanctioned to 120 days home confinement in May 2006, following his violation of the special condition for computer and Internet monitoring. The probationer commenced his term of home confinement on June 6, 2006. On June 9, 2006, Barben advised the Probation Department that his computer was infected with a virus, and he needed to re-install his operating system. In essence, this meant that the probationer's computer would not be monitored by our software, until we were able to re-install same. As such, Barben was directed to stay offline until we were able to re-install our software. On June 12, 2006, officers conducted a home contact for this purpose, at which time it was discovered that from June 9 through June 12, 2006, Barben had been accessing the Internet, in violation of our directive. While his Internet activity does not indicate that he had accessed any prohibited websites, he blatantly violated our directive.

In addition, on June 24, 2006, Barben was contacted by the undersigned officer via telephone, to verify he was in compliance with his home confinement schedule. Specifically, on that date, he was granted time out of his residence to go to his storage facility for work purposes. When contacted, Barben advised he was at his ex-wife's apartment, in violation of this schedule. In addition, he further advised that he went to 3 other locations on that date, all of which were unapproved.

On July 21, 2006, Barben was presented with, and signed Probation Form 49, waiving his right to a hearing for the imposition of an additional 30 days of home confinement. We believe that this modification will serve as an appropriate sanction for the aforementioned conduct, and also motivate Barben to stringently comply with the remainder of his home confinement term.

Respectfully submitted by,

Elizabeth Daly
U.S. Probation Officer
Date: 7/25/06

Approved by,

Andrew Bobbe
Sr. Deputy Chief U.S. Probation Officer
Date: 7/25/06

THE COURT ORDERS:

☑ The Modification of Conditions as Noted Above
☐ Other

Signature of Judicial Officer

Date 7/25/06

✎PROB 49
(NYEP-10/28/05)

# United States District Court

## EASTERN DISTRICT OF NEW YORK

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and the assistance of counsel before any unfavorable change(s) may be made in my conditions of Probation and/or Supervised Release or before my period of supervision can be extended. By assistance of counsel, " I understand that I have the right to be represented at a hearing by counsel of my choosing if I am able to retain counsel. I also understand that I have the right to request that the Court appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel. "

I hereby voluntarily waive my statutory right to a hearing and to the assistance of counsel. I also hereby agree to the following modification (s) of my conditions of Probation and/or Supervised Release or to the proposed extension of my term of supervision:

*For a period of __30__ days, the defendant shall remain in his or her home of record. The defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the Probation Department. The home confinement period shall commence on a date approved by the Probation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for Home Confinement by the Probation Department and the Administrative Office of U.S. Courts. In addition, the defendant shall pay the costs of home confinement, including the price of electronic monitoring equipment, to the degree he or she is reasonably able. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay.*

Witness: _____   Signed: _____
         U.S. Probation Officer              Probationer or Supervised Releasee

7-21-06
Date